REINHARDT, Circuit Judge,
dissenting:
I dissent. The “least sophisticated debt- or,” the standard for establishing a violation of the Fair Debt Collection Practices Act (“FDCPA”), see Guerrero v. RJM Acquisitions LLC, 499 F.3d 926, 934 (9th Cir.2007), would likely have been misled by the inclusion of two separate paragraphs in the collection complaint, one (Paragraph 9) stating that “the prevailing party will be entitled to an award of all costs” and the second (Paragraph 10) stating that “Court costs as actually incurred are chargeable to [the debtor].” The collection complaint provided no information that the second paragraph was true only if the creditor was the “prevailing party.” Ceresko therefore presented a “minimally color-able” claim, and the district court clearly erred in finding that his FDCPA action was brought in bad faith and for the purpose of harassment. See id. at 940-41.
Moreover, the district court clearly erred in finding that Ceresko’s counsel “suffered the same result in three previous lawsuits involving different plaintiffs making the same claim.” Two of the cases cited by the district court to support its holding, Cisneros v. Neuheisel Law Firm, 2008 WL 65608 (DAriz. Jan. 3, 2008), and Winn v. Unifund CCR Partners, 2007 WL 974099 (D.Ariz. Mar. 30, 2007), involved claims that a request for a specific sum of attorneys’ fees in the prayer for relief was a request for liquidated attorneys’ fees, which plaintiffs alleged violated the FDCPA because only reasonable attorneys’ fees, not liquidated fees, were recoverable under the agreements. The district courts rejected the FDCPA claims, holding that the “least sophisticated debtor” would *116 understand that “the prayer for relief is aspirational — it describes what the collection agency seeks if it prevails.” Cisneros, 2008 WL 65608, at *3; see also Winn, 2007 WL 974099, at *3. Here, Ceresko claimed that the statement in the body of the complaint regarding court costs being allocated to the debtor was misleading because it was represented as a fact although there had been no determination that the creditor was the prevailing party. Cisneros and Winn, therefore, presented entirely different claims than the one presented by Ceresko here. The third case cited by the district court, Thompson v. Crown Asset Management, LLC, 2009 WL 3059123 (D.Ariz. Sept.23, 2009), presented the same claim as the claim here, but it was not decided until six months after the complaint in this case was filed. Neither Cer-esko nor his counsel could have known that the claim would be rejected at the time the instant claim was brought.
Finally, the district court ignored the cases cited by Ceresko in support of his FDCPA claim. In Reichert v. National Credit Systems, Inc., 2005 WL 5549677 (D.Ariz. Mar.31, 2005), Gostony v. Diem Corporation, 320 F.Supp.2d 932 (D.Ariz.2003), and Axtell v. Collections USA, 2002 WL 32595276 (D.Ariz. Oct. 22, 2002), the district courts held that a request for attorneys’ fees or costs in a demand letter was misleading because no judicial proceedings had been initiated and there had been no determination that the creditor was the prevailing party, as required for the recovery of such fees. Although those cases involved demand letters rather than a complaint in a collection case, the underlying claims are similar to the one here: that a demand for fees or costs by a creditor when there has been no determination that the creditor is the prevailing party, is misleading.
Because the district court’s findings were based on clear errors and its analysis of the controlling cases consisted of repeated errors of law, its award of attorneys’ fees and costs against Ceresko was clearly erroneous and constituted an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).